■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NATHANIEL L. STEPHENS, Appellant.— Appeals by defendant from (1) a judgment of the County Court, Nassau County, rendered November 22, 1963, convicting him of robbery in the first degree, grand larceny in the second degree, and assault in the second degree (two counts), upon a jury verdict, and imposing sentence; and (2) an order of the same court, dated June 21, 1968, which, after a hearing, held defendant's confession to have been voluntarily made.  By prior decision of this court, upon the appeal from the judgment, the above-mentioned hearing

---

was ordered and the appeal from the judgment was held in abeyance pending the hearing (*People* v. *Stephens*, 27 A D 2d 945). Judgment reversed, on the law, the facts, in the exercise of discretion and in the interests of justice, and case remanded to the County Court for a new trial. Order affirmed. Defendant was jointly tried and convicted, before a jury, with two codefendants, Campbell and Carpenter. Each had given a statement to the police in which he admitted his own guilt and also implicated the others, and all three confessions were received into evidence. Defendant did not take the stand but produced one witness; Campbell took the stand and produced witnesses; and Carpenter neither took the stand nor offered witnesses in his behalf. On appeal by Campbell in a *coram nobis* proceeding this court held his statement to have been improperly obtained, and vacated his judgment of conviction (*People* v. *Campbell*, 28 A D 2d 735). Although prior thereto Carpenter's judgment of conviction and an order holding his confession voluntary, after a *Huntley* hearing, had been affirmed (*People* v. *Carpenter*, 26 A D 2d 773), this court is presently holding, in a subsequent *coram nobis* proceeding by him based on the claim that he had been denied a fair trial because of the receipt into evidence of codefendant Campbell's improperly obtained confession which implicated him, that fair procedure requires granting him a new trial in the interests of justice (*People* v. *Carpenter,* 32 A D 2d 827). For the same reasons therein expressed, we now hold that defendant Stephens is similarly entitled to a new trial, there being no substantial distinction between him and Carpenter (*People* v. *Carpenter, supra*; *People* v. *Burd,* 22 N Y 2d 653). Christ, Acting P. J., Benjamin, Munder, Martuscello and Kleinfeld, JJ., concur.